IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Tonka M. Crosby, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 08-1506 |
| State Correctional Institution at Greensburg, | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

### SYNOPSIS

Pending is Defendant's Motion for Judgment and/or New Trial Pursuant to Fed. R. Civ. P. 50 and 59 and/or for Remittitur. (Docket No. 63). In its Motion, Defendant requests judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50, or a new trial pursuant to Federal Rule of Civil Procedure 59. Defendant also requests, in the alternative, remittitur on damages awarded. Plaintiff filed a Brief in Opposition. (Docket No. 66). After a careful review of the submissions of the parties, Defendant's Motion is denied in its entirety.

### OPINION
### AND
### ORDER OF COURT

**I. BACKGROUND**

The factual and procedural details of this case are well known to the parties, and I need not repeat them in detail here. In short, Plaintiff, Tonka Crosby ("Plaintiff"), initiated this action against Defendant State Correctional Institution at Greensburg ("Defendant" or "SCI Greensburg"), alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and a pendent state claim under the Pennsylvania Human Relations

1

Act, 43 Pa. Stat. § 951, *et seq.* ("PHRA"). Specifically, Plaintiff contended that she was subject to a hostile work environment in retaliation for her having filed a prior charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"). Defendant denied that it created a hostile work environment and denied any retaliation for the prior EEOC and PHRC claims.

A jury trial began in this case on November 1, 2010, and concluded on November 4, 2010. Defendant made Rule 50 motions on November 2, 2010, after the close of Plaintiff's case, and on November 3, 2010, after the close of its case. Both of Defendant's Rule 50 motions were denied. At the conclusion of the trial, the jury returned a verdict in favor of Plaintiff. The jury awarded Plaintiff compensatory damages in the amount of $100,000.

On December 1, 2010, Defendant filed the instant Motion for Judgment and/or New Trial Pursuant to Fed. R. Civ. P. 50 and 59 and/or for Remittitur and brief in support. (Docket Nos. 63, 64). Plaintiff filed her Brief in Opposition on December 8, 2010. (Docket No. 66). Defendant's Motion is now ripe for my review.

## II. <u>STANDARDS OF REVIEW</u>

Rule 50(b) of the Federal Rules of Civil Procedure provides that a district court "may grant a renewed motion for judgment as a matter of law if 'there is no legally sufficient evidentiary basis for a reasonable jury to have found for' the prevailing party. Fed. R. Civ. P. 50(b). The 'legally sufficient evidentiary basis' has also been characterized as a 'minimum quantum of evidence,' <u>Keith v. Truck Stops Corp.</u>, 909 F.2d 743, 745 (3d Cir.1990), or even as 'any rational basis for the verdict.' <u>Bhaya v. Westinghouse Elec. Corp.</u>, 832 F.2d 258, 259 (3d Cir.1987)." <u>PXRE Corp. v. Terra Nova Ins. Co. Ltd.</u>, 76 F. App'x 485, 489 (3d Cir. 2003) (quoting <u>Olefins Trading v. Han Yang Chem. Corp.</u>, 9 F.3d 282, 288 (3d Cir. 1993)). The evidence must be viewed in the light most favorable to the non-moving party. <u>Id.</u> (citing <u>Mosley v. Wilson</u>, 102 F.3d 85, 89 (3d Cir.1996)).

2

The decision to grant a new trial is committed to the sound discretion of the district court. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940); U.S. v. Schiffer, 836 F. Supp. 1164, 1169 (E.D. Pa. 1993). Pursuant to Rule 59, a motion for a new trial may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1). Such reasons include prejudicial erroneous judicial rulings or misconduct by opposing counsel. Olefins Trading, Inc., 9 F.3d at 289-90; Schiffer, 836 F. Supp. at 1169. In such cases, the court must assess whether an error was, in fact, committed, and whether the error was so prejudicial that denying a new trial would be inconsistent with substantial justice. Bhaya v. Westinghouse Elec. Corp., 709 F. Supp. 600, 601 (E.D. Pa. 1989), aff'd, 922 F.2d 184 (3d Cir. 1990). Another reason for a new trial is where "the verdict is contrary to the great weight of the evidence." Roebuck v. Drexel Univ., 852 F.2d 715, 735-36 (3d Cir. 1988). In the latter case, a new trial is warranted only in those circumstances "where 'a miscarriage of justice would result if the verdict were to stand.'" Olefins Trading, 9 F.3d at 289 (quoting Fineman v. Armstrong World Indus., Inc., 980 F.2d 171, 211 (3d Cir. 1992)). A new trial is never appropriate in cases involving only harmless error. Fed. R. Civ. P. 61.

When reviewing a jury verdict, "a District Court . . . has an 'obligation . . . to uphold the jury's award if there exists a reasonable basis to do so.' Motter v. Everest & Jennings, Inc., 883 F.2d 1223, 1230 (3d Cir.1989). '[T]he court may not vacate or reduce the award merely because it would have granted a lesser amount of damages.' Id. A new trial is warranted based 'upon [a] showing that the jury verdict resulted from passion or prejudice.' Hurley v. Atlantic City Police Dep't, 174 F.3d 95, 114 (3d Cir.1999) (quoting Dunn v. HOVIC, 1 F.3d 1371, 1383 (3d Cir.1993)). '[T]he size of the award alone [is not] enough to prove prejudice and passion.' Id." Evans v. Port Auth. of N.Y. & N.J., 273 F.3d 346, 351-52 (3d Cir. 2001).

## III. LEGAL ANALYSIS

### A. Motion for Judgment as a Matter of Law

#### 1. Sufficiency of Retaliation Evidence

In support of its motion for judgment as a matter of law, Defendant first asserts that the evidence was insufficient for a reasonable jury to find that there was a causal link between a protected activity and any adverse employment action. Specifically, Defendant argues that Plaintiff relied solely on the nine-month gap between the completion of her 2004 lawsuit and the first alleged retaliatory act, and that such temporal proximity is insufficient to show a causal nexus. Defendant also argues that there was no evidence that any of the individuals Plaintiff accused of retaliatory conduct had knowledge of her protected activity. Def.'s Br. at 4-6.

Defendant's Motion is denied with respect to this issue. To the extent Defendant has raised these arguments in prior motions in this case (including motions for summary judgment and motions for directed verdict), nothing in Defendant's instant motion or brief persuades me to rule differently here. Although a nine-month gap in time between the termination of Plaintiff's prior lawsuit and the alleged retaliatory actions may not be sufficiently suggestive of causation in and of itself, Plaintiff presented additional evidence such as, *inter alia*, a pattern of animus and antagonism and inconsistencies in the employer's articulated reasons in support of a causal link.

I likewise find that the evidence was sufficient for a reasonable juror to infer that the individuals who took the adverse actions against Plaintiff had knowledge of her prior protected activity.[1] As Plaintiff correctly notes, the law does not require direct evidence such as an admission to prove knowledge. Rather, the evidence only needs to be sufficient to support an

---

[1] To the extent Defendant suggests that Plaintiff did not engage in protected activity, such argument is groundless. In addition to the fact that Defendant conceded in the proposed joint jury instructions that Plaintiff engaged in protected activity, it is undisputed that Plaintiff filed an EEOC charge alleging sexual harassment followed by a federal lawsuit. Defendant's after-the-fact attempts to discredit these filings are unpersuasive.

*inference* that the individuals at issue were aware of the protected activity.[2] The evidence in this case was more than sufficient to support such an inference.

For all of these reasons, I continue to find that the totality of the evidence presented at trial, when viewed in the light most favorable to Plaintiff, would support a conclusion that Plaintiff suffered adverse employment actions because she engaged in protected activity. Accordingly, Defendant's Motion in this regard is denied.

### 2. Propriety of Plaintiff's Opening and Closing Statements

Defendant next argues that I should set aside the jury verdict because Plaintiff's counsel improperly implored the jury during her opening and closing statements that it was up to them "send a message" to Defendant through a damages award.[3] Defendant characterizes these statements as requests to deter and punish Defendant for past conduct and contends such requests are improper in a non-punitive damages case. Def.'s Br. at 8-10.[4] I disagree.

As an initial matter, Defendant does not point to any portion of Plaintiff's opening or closing statements suggesting that Plaintiff's counsel directly requested punitive damages or intended the phrase "send a message" to refer to punitive damages as opposed to a finding of liability for Defendant's retaliatory treatment of Plaintiff. In addition, contrary to Defendant's arguments and as set forth in the section on remittitur, *infra*, the total damages award of $100,000 for Plaintiff's emotional distress is not so large as to suggest that the jury intended to punish Defendant. See,

---

[2] Defendant admits that one key witness, Richard Bell, had knowledge of Plaintiff's prior EEOC complaint and lawsuit, but argues that there is no causal connection because Bell, in his capacity as a new supervisor and former Office of Professional Responsibility employee, had initially reported the alleged 2003 harassment. Def.'s Br. at 6. Even if true, Bell's performance of his job duties in 2003 or 2004 with respect to reporting alleged harassment does not preclude a jury finding that he bore retaliatory animus against Plaintiff as a result of that complaint and ensuing litigation. Likewise, to the extent other defense witnesses denied knowledge of Plaintiff's prior complaints, the jury was entitled to determine whether such denials were credible in light of the other evidence of record.

[3] This argument seems better suited to a motion for a new trial than a motion for judgment as a matter of law. For the same reasons set forth herein, however, a new trial on these grounds is not warranted.

[4] Defendant represents that it objected to Plaintiff's counsel's statements to "send a message" during closing arguments.

e.g., Strickland v. Owens Corning, 142 F.3d 353, 359 (6th Cir. 1998); Ventas, Inc. v. HCP, Inc., Civ. Action No. 3:07-CV-238-H, 2009 WL 3855638, at *7 (W.D. Ky. Nov. 17, 2009) (citing cases finding that "send a message" argument did not warrant a new trial). Moreover, to the extent Plaintiff's counsel's statements were in any way prejudicial, I gave an appropriate curative instruction at the close of trial. This curative instruction removed any amount of unfair prejudice the statements created.

In short, there simply is no evidence that the remarks at issue unfairly influenced the jury's verdict or otherwise unfairly prejudiced Defendant. Accordingly, Defendant's request to set aside the verdict on this ground is denied.

**B. Motion for New Trial**

   **1. Prior Sexual Harassment Claims**

Defendant first argues that a new trial is necessary because Plaintiff improperly cross-examined former SCI Greensburg employees Richard Bell and Ronald Novak about prior sexual harassment claims brought against them. Defendant argues that, through this line of questioning, Plaintiff inappropriately used past bad acts to prove bad character in violation of Federal Rule of Evidence 404(b). Def.'s Br. at 10-12. This argument is without merit.[5]

As Plaintiff notes in her brief, she did not introduce the testimony at issue to impeach Bell or Novak for prior bad acts. Rather, the testimony was relevant to show an atmosphere of condoned harassment, increasing the likelihood that Defendant retaliated against Plaintiff for complaining about such harassment. See Glass v. Philadelphia Elec. Co., 34 F.3d 188, 195 (3d Cir. 1994) (holding that the district court abused its discretion by barring plaintiff in disparate treatment and retaliation case from introducing evidence of alleged hostile work environment in

---

[5] As in many other portions of its brief, Defendant's argument on this point is unhelpfully vague and conclusory. Although Defendant refers repeatedly and generically to "prior sexual harassment claims," it does not refer to the relevant portions of the trial transcript or otherwise provide specific details regarding the claims or Plaintiff's line of questioning with respect to the same. Defendant likewise fails to specify the timing and exact nature of its objection to the questioning.

6

the workplace); see also Hawkins v. Hennepin Tech. Ctr., 900 F.2d 153, 156 (8th Cir. 1990) (evidence of prior sexual harassment complaints by plaintiff and other employees was highly relevant because "an atmosphere of condoned sexual harassment in a workplace increases the likelihood of retaliation for complaints in individual cases"), quoted in Glass, 34 F.3d at 195. The probative value of this evidence was not substantially outweighed by the danger of unfair prejudice to Defendant.

For all of these reasons, Defendant's motion for a new trial as a result of this line of questioning is denied.

### 2. Verdict Slip

Defendant next argues that a new trial is necessary because the verdict slip did not give it "the benefit of the elements of retaliation." Def.'s Motion ¶ 6. Specifically, Defendant complains that the verdict slip only asked whether or not retaliation took place and how much should be awarded. Def.'s Br. at 13. Thus, according to Defendant, the jury did not have the opportunity to make a determination of the elements of retaliation in the verdict. Id.

This argument borders on nonsensical. The joint jury instructions proposed by the parties explained in detail all of the elements required to prove a retaliation claim. Defendant does not argue that the jury instructions (as opposed to the verdict form) were insufficient. I read and provided a copy of these instructions to the jury. Thus, the jury was fully aware of the elements of a retaliation claim and could not have answered yes to the liability question on the verdict slip without having found each of those elements. As Plaintiff notes in her brief, the verdict slip served as the final recitation of the conclusion the jury reached following deliberation of the elements provided in the jury instructions. See Pl.'s Br. Opp. at 12. The verdict slip was not a necessary source of the elements themselves.[6]

---

[6] The verdict form question at issue specifically asked, "Do you find that Plaintiff suffered an adverse employment action because she engaged in protected activity?" Docket No. 59. Contrary to Defendant's

For all of these reasons, Defendant's motion for a new trial on this basis is denied.

## C. Request for Remittitur

As an alternative to its requests for judgment as a matter of law and a new trial, Defendant seeks remittitur on the compensatory damages award under Rule 59(e)[7] on the grounds that the trial evidence was insufficient to support damages for emotional distress – the sole basis for Plaintiff's compensatory damages claim. Def.'s Br. at 7-8.[8] Among other things, Defendant argues that: the evidence did not differentiate between Plaintiff's alleged retaliation-related stress and prior stress; Plaintiff did not present evidence of costs she incurred as a result of her alleged work-related stress in November 2007; and the testimony of Plaintiff's examining psychiatrist and expert witness Dr. Wettstein was vague and did not refer to any physical symptoms of emotional distress. See id. This argument is without merit.

The use of remittitur is committed to my sound discretion. Evans, 273 F.3d at 354. As set forth above, I have an "obligation . . . to uphold the jury's award if there exists a reasonable basis to do so." Motter, 883 F.2d at 1230. I "may not vacate or reduce the award merely because [I] would have granted a lesser amount of damages." Id. Rather, I should reduce damages only if the amount shocks the judicial conscience. See id.; see also Evans, 273 F.3d at 355. As set forth in my instructions to the jury (to which Defendant did not object), there is no exact standard for fixing the compensation to be awarded for any pain, suffering or mental anguish Plaintiff may have suffered as a consequence of Defendant's unlawful conduct, and Plaintiff was not required to introduce evidence of the monetary value of such intangible things. Rather, the jury's duty was to use common sense and sound judgment to make a fair award in

---

assertions, this question encompasses all three of the elements about which Defendant complains: protected activity, adverse action, and causation.

[7] Federal Rule of Procedure 59(e) permits a party to file a motion to alter or amend a judgment no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e).

[8] Specifically, Defendant requests that I reduce the $100,000 compensatory damage award to $1 in nominal damages. Def.'s Br. at 8.

light of the evidence presented at trial. In considering an emotional damages award, "the issue to be decided [] 'is not the size of the award alone, but the evidence supporting the award.'" Evans, 273 F.3d at 354.

Here, in addition to Plaintiff's own testimony that she suffered severe emotional stress, anxiety, and depression as a result of the retaliatory conduct at issue, Plaintiff offered the testimony of Dr. Wettstein, a psychiatrist who examined her in January 2009 and opined that she suffered a work-related episode of adjustment disorder with anxiety and depressive symptoms in November and December 2007 (after the PDC service incident) in response to perceived workplace harassment.[9] The evidence also showed that Plaintiff took stress-related leave beginning in November 2007, sought psychiatric and other medical treatment for her work-related stress and anxiety, and was prescribed various medications to treat her symptoms. I find that the evidence was sufficient to show that Plaintiff incurred emotional distress damages as a result of retaliation and support an emotional damages award.

I further find that the amount of emotional distress damages awarded was not so grossly excessive as to shock the judicial conscience. To the contrary, given the facts of this case, including the evidence summarized above, the award of $100,000 was reasonable and in line with emotional distress verdicts based on similar or lesser evidence. See, e.g., Ridley v. Costco Wholesale Corp., 217 F. App'x 130, 137 (3d Cir. 2007) (upholding $200,000 emotional distress award in Title VII retaliation case); Hall v. Pa. Dep't of Corrections, No. 3V-02-1255, 2006 WL 2772551, at **20-23 (M.D. Pa. Sept. 25, 2006) ($75,000 adequate to compensate plaintiff for emotional damages where sole damages evidence was plaintiff's testimony); Schlier v. Rice, No. 3:04-CV-1863, 2008 WL 4922435, at *18 (M.D. Pa. Nov. 14, 2008) ($150,000 award adequate

---

[9] Defendant's criticism of Dr. Wettstein's testimony as vague is unpersuasive. It is well-settled that expert medical testimony is not required to support recovery for emotional distress. See McKenna v. City of Philadelphia, 636 F. Supp. 2d 446, 463 (E.D. Pa. 2009) (citing Bolden v. SEPTA, 21 F.3d 29, 34 (3d Cir. 1994)). If anything, Dr. Wettstein's testimony corroborates Plaintiff's testimony and bolsters her claim for emotional distress damages.

where truck driver suffered four years of emotional harm even though he did not seek professional assistance and was able to keep working); O'Neill v. Sears, Roebuck & Co., 108 F. Supp. 2d 433, 441-42 (E.D. Pa. 2000) (denying motion for remittitur of $175,000 compensatory damages award in ADEA case); Hurley v. Atlantic City Police Dep't, 933 F. Supp. 396, 423-25 (D.N.J. 1996) ($175,000 award appropriate in workplace harassment case even where testimony indicated that many of plaintiff's emotional problems preceded the harassment at issue), aff'd, 174 F.3d 95 (3d Cir. 1999).

For all of these reasons, Defendant's request for remittitur is denied.

## IV. CONCLUSION

For all of the reasons set forth above, Defendant's Motion for Judgment and/or New Trial Pursuant to Fed. R. Civ. P. 50 and 59 and/or for Remittitur is denied in its entirety.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Tonka M. Crosby, )
 )
       Plaintiff, )
 )
  vs. ) Civil Action No.  08-1506
 )
State Correctional Institution at Greensburg, )
 )
 )
       Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 25th day of January, 2011, upon consideration of Defendant State Correctional Institution at Greensburg's Motion for Judgment and/or New Trial Pursuant to Fed. R. Civ. P. 50 and 59 and/or for Remittitur (Docket No. 63), it is ordered that the motion is denied.

                                   BY THE COURT:

                                   /s/ Donetta W. Ambrose

                                   Donetta W. Ambrose,
                                   Senior U.S. District Judge